IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2049-D

| | | |
|---|---|---|
| JERRY JEROME ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| D. STEPHENS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

Jerry Jerome Anderson ("Anderson" or "petitioner"), a federal inmate who is incarcerated at the United States Penitentiary in Atlanta, Georgia, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1].[2] On August 31, 2010, Warden Delores R. Stephens ("respondent") filed a motion to dismiss or, in the alternative, for summary judgment [D.E. 6]. Because respondent attached materials outside the pleadings, the court construes the motion as a motion for summary judgment. On September 1, 2010, the court notified Anderson about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 8]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 24, 2010, Anderson responded in opposition and moved to stay [D.E. 9]. As explained below, the court grants respondent's motion for summary judgment [D.E. 6], denies petitioner's motion to stay [D.E. 9], and dismisses without prejudice Anderson's application for a writ of habeas corpus for failure to exhaust administrative remedies.

---

[1] Although Anderson named several respondents, Warden Stephens is the proper respondent. See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

[2] When he filed this habeas petition, Anderson was incarcerated at the Federal Correctional Complex in Butner, North Carolina ("FCC-Butner"). Pet. ¶ 1.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

Anderson alleges that the Federal Bureau of Prisons ("BOP") "is required by law to follow the clear instruction of U.S. Sentencing Commission Proposed Amendment 709, when entering the appropriate numbers for criminal history score pursuant to Program Statement § 5100.08 . . . when assessing points in determining petitioner's custody and security designation." Pet. ¶ 10; see also Mem. Supp. Pet. 5–6. Respondent asks the court to dismiss the petition because Anderson failed to exhaust his administrative remedies, or in the alternative, for failure to state a claim. Mem. Supp. Mot. Dismiss 3–7.

2

Although the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), do not apply to a petition under 28 U.S.C. § 2241, a prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam) (collecting cases); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Asare v. U.S. Parole Comm'n, 2 F.3d 540, 544 (4th Cir. 1993).[3] The BOP provides a sequential, administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15. The purpose of exhaustion is to provide an opportunity to resolve the dispute without the burdens of litigation. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761–62 (3d Cir. 1996). Failure to exhaust is an affirmative defense that a defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). In a section 2241 action, exhaustion of administrative remedies is jurisdictional. See, e.g., United States v. Wilson, 503 U.S. 329, 335 (1992); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam).

In support of her contention that Anderson failed to exhaust his administrative remedies, respondent relies on the declaration of Lynnell Cox, a paralegal specialist employed by the BOP at FCC-Butner. See Mem. Supp. Mot. Dismiss, Ex. 1 (Cox Decl.). Cox reviewed BOP's SENTRY computer database concerning any administrative remedies filed by Anderson. Cox Decl. ¶¶ 1, 6. Anderson "has submitted a total of two (2) formal BOP administrative remedy requests (i.e. a BP-9 request and a BP-10 appeal) pertaining to his BOP criminal history score, custody level, and/or

---

[3] The principle is so well established that the Fourth Circuit consistently affirms dismissals of petitions filed under 28 U.S.C. § 2241 for failure to exhaust administrative remedies. See, e.g., Short v. Hollinsworth, 271 F. App'x 313 (4th Cir. 2008) (per curiam) (unpublished); Carter v. Stansberry, 158 F. App'x 513 (4th Cir. 2005) (per curiam) (unpublished); Watkins v. Compton, 126 F. App'x 621 (4th Cir. 2005) (per curiam) (unpublished).

3

security designation." Id. ¶ 6. However, "[t]he BOP has not received a BP-11 appeal from . . . Anderson pertaining to the issues raised in his BP-9 and BP-10." Id. ¶ 7.

In his response to the motion, Anderson acknowledges he failed to exhaust his administrative remedies and seeks a stay of "all further proceedings . . . until [he] has the opportunity to file his national appeal . . . ." Mot. Stay 1. However, filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Stokes v. Moore, No. 5:08-CT-3045-FL, slip op. at 4 (E.D.N.C. Jan. 26, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, the court grants respondent's motion for summary judgment on the exhaustion issue and dismisses without prejudice Anderson's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

II.

For the reasons stated, the court GRANTS respondent's motion for summary judgment on Anderson's failure to exhaust administrative remedies [D.E. 6] and DISMISSES without prejudice Anderson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES petitioner's motion to stay [D.E. 9]. The Clerk of Court is DIRECTED to close the case.

4

SO ORDERED. This _3_ day of May 2011.

                                                JAMES C. DEVER III
                                                United States District Judge